DAVID N. DAVIS, Appellant, *v.* JOHN A. GWYNNE et al., Respondents.

(Argued May 6, 1874; decided September term, 1874.)

THIS was an action against defendants, as stock-brokers, for an alleged unlawful sale of 100 shares of the stock of the Chicago and North-western railroad.

It appeared that, prior to September 12th, 1867, defendants had acted for plaintiff in a number of stock transactions, they purchasing on a margin furnished by plaintiff. Plaintiff resided at Middletown, Connecticut. On the twelfth September he wrote defendants: "Should North-west look like reaction, or weaken or have a downward look sell me fifty or one as the case may look." Defendants furnished an account-current on the fourteenth by which it appeared that they then had belonging to plaintiff fifty shares of the stock referred to, on which there was due, by way of margin, $1,711.23. Defendants, on the fourteenth, replied to the letter of the twelfth (inclosing the account-current) saying that they thought the market would recover from its present depression. This was received by plaintiff on the fifteenth. Plaintiff telegraphed to defendants to purchase one hundred shares of the stock if it looked like rising. On the seventeenth defendants replied by letter acknowledging receipt of telegram and saying, in substance, they did not buy as they were now carrying fifty shares, and if they bought more would have too little margin; that if plaintiff sent more they thought the stock good to buy. On the next day they telegraphed: "Bought fifty common, forty-three and a half." This was received by plaintiff on the eighteenth. On the twentieth plaintiff received a telegram notifying him that defendants had sold on his account 100 North-west common at thirty-nine and a quarter. A few moments after its receipt plaintiff received a letter dated the eighteenth requesting him to send more margin. On the twentieth plaintiff wrote: "As you had the discretion to sell, I supposed that you would before it got as low as it is; will send you some money in a few days if

you hold on." On the thirtieth September defendants sent an account of transactions since the fourteenth, which showed a balance due plaintiff of $17.20. On the sixteenth October plaintiff wrote expressing dissatisfaction and notifying defendants that he intended to and did hold them accountable for the amount of margin previous to purchasing the last fifty. On the twenty-first November plaintiff wrote : " You bought for me September twelfth fifty shares North-west at forty-seven and an eighth, now you may sell it." The principal question was as to defendants' authority to sell under the letter of September twelfth. Plaintiff's complaint was dismissed on the trial. On appeal, the General Term modified the judgment by allowing plaintiff the $17.20 with interest. *Held*, that as the power to sell depended solely upon the construction of the writings, it was a question of law merely (*St. Luke's Home* v. *Assn. for Indg. Females*, 52 N. Y., 191); that as all the previous transactions had been by purchase on margin, the letter of September twelfth must be interpreted as referring to dealings of the same character; that a short sale was not intended thereby; that if the word "one" in the direction to sell "fifty or one" be assumed to mean one hundred, it did not change this construction as plaintiff had not then received the account-current, and he might have supposed that defendants were carrying for him "one hundred shares," besides, it might be supposed to include shares subsequently purchased; that the letter was a continuing authority and extended to the shares purchased September eighteenth, which purchase plaintiff affirmed, as appears by the letters and by claiming the benefit thereof in his complaint; that the authority of defendants was discretionary, plaintiff trusting to their judgment to sell within a reasonable time, and as he fixed no limit the law would prescribe the time; that this question was one of law (the opinion cites *Roth* v. *B. and S. L. R. R. Co.*, 34 N. Y., 548, 553; *Carroll* v. *Upton*, 3 id., 272; *Hedges* v. *H. R. R. R. Co.*, 49 id., 223); and that the delay in this case was not unreasonable and the nonsuit was properly granted.

Also, *held*, that the fact that it appeared that plaintiff was entitled to $17.20 did not make the nonsuit error, as the

action was brought on the theory of unlawful conversion, not for a balance on account, but that if he was entitled to that amount, plaintiff would have been still entitled to costs, and that the error was substantially corrected by the General Term, and any error or defect in the form was merely technical not affecting any substantial right and so must be' disregarded. (Code, § 176.)

*William Stanley* for the appellant.

*John E. Burrill* for the respondents.

DWIGHT and REYNOLDS, CC., read for affirmance.
All concur.
Judgment affirmed.